# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MAJELLA A. STURN,**

        **Plaintiff,**

**v.**     Case No.  6:16-cv-1293-Orl-41GJK

**STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

> **MOTION:**   Motion for Remand (Doc. No. 6)
>
> **FILED:**   August 30, 2016
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

On or about May 31, 2016, Plaintiff filed a complaint against State Farm Mutual Automobile Insurance Company in the Eighteenth Judicial Circuit Court of Florida, seeking to recover underinsured motorist benefits under her auto insurance policy with Defendant. Doc. No. 2. On July 20, 2016, Defendant filed a notice of removal (the "Notice") with the Court. Doc. No. 1. In the Notice, Defendant states that there is diversity jurisdiction because the parties are citizens of different states and the amount in controversy exceeds $75,000. Doc. 1 at ¶ 8.

Plaintiff moves for remand back to state court, arguing that Defendant did not meet its burden of demonstrating that the amount in controversy exceeds the jurisdictional requirement or that the parties are diverse. Doc. No. 6 at ¶¶ 12, 13. The motion was referred to the undersigned on August 18, 2016.

A defendant may remove from state court to federal court "any civil action . . . of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over all civil actions where there is complete diversity of citizenship between the parties in the action and the amount in controversy exceeds $75,000.00, exclusive of interest and costs (i.e., diversity jurisdiction). 28 U.S.C. §§ 1332(a). "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). In determining whether removal was proper,

> The Court may look to the complaint, notice of removal, and any other relevant papers revealing that the amount in controversy is satisfied. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir.2010) ("The substantive jurisdictional requirements do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard."). Settlement offers, demand letters, and even emails estimating damages have been held to qualify as "other relevant papers." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 n. 62 (11th Cir.2007).

*DeGeorge v. Geico General Insurance Co.*, No. 6:12–cv–1654–Orl–37GJK, 2012 WL 6212916, at *3 (M.D. Fla. Dec. 13, 2012).

Plaintiff states that "Defendant has not shown any facts which clearly and unambiguously establish diversity jurisdiction." *Id.* at ¶ 12. In her Complaint, however, she alleges that Defendant is a foreign corporation. Doc. No. 6-1 at ¶ 2. Plaintiff does not present any facts to the undersigned demonstrating that she and Defendant are citizens of the same state. Thus, the

undersigned recommends that the Court find that Defendant met its burden of establishing diversity of citizenship.

Plaintiff also argues that Defendant cannot rely on Plaintiff's February 1, 2015, demand letter to Defendant in order to establish that the amount in controversy meets the jurisdictional limit. Doc. No. 6 at ¶ 6. Plaintiff states that the letter "does not contain a detailed analysis of the claim," "it was simply a form demand requesting payment of the policy limits," and was "non-specific puffery." *Id.* at ¶¶ 6, 14.

In the demand letter, Plaintiff outlines the specific facts of her case, including specifying her injuries and treatment. Doc. No. 6-2 at 1-2. She states that her "medical bills total in excess of $500,550.70." *Id.* at 2. She then demands the full policy limits of $100,000. *Id.* Thus, this was not a form demand letter lacking a detailed analysis of Plaintiff's claim.

Additionally, the demand letter here is akin to the demand letter sent in *DeGeorge v. Geico General Insurance Co.*, Case 6:12–cv–1654–Orl–37GJK, 2012 WL 6212916, at *3, in which this Court rejected the contention that the letter was puffery. In *DeGeorge*, the Defendant removed the case based on diversity jurisdiction and the Plaintiff's "demand letter detailing economic damages of more than $97,000 for past medical bills." *Id.* at *1. The demand letter contained information regarding the plaintiff's medical treatments and diagnoses, among other things. *Id.* at *2. The Court rejected the plaintiff's argument that the demand letter was mere puffery and found "that [the d]efendant has proved by a preponderance of the evidence that the amount in controversy in this action exceeds $75,000." *Id.* at *3.

Just as in *DeGeorge*, the demand letter here details Plaintiff's injuries and medical treatment, and specifically states that her "medical bills total in excess of $500,550.70." Doc. No.

6-2 at 2. Thus, just as in *DeGeorge*, the undersigned recommends that the Court deny the motion to remand and find that Defendant met its burden of demonstrating by a preponderance of the evidence that the amount in controversy exceeds $75,000.

The Complaint alleges that Defendant is a foreign corporation and Plaintiff's own demand letter establishes that the amount in controversy exceeds $75,000. The same law firm authored both. Doc. Nos. 6-1, 6-2. Despite this, Plaintiff asserts in the Motion that the removal was based upon "speculation at best that enjoys no factual support whatsoever." Doc. No. 6 at ¶ 4.

It is the Motion that "enjoys no factual support whatsoever." Defendant asks the Court to award it attorney's fees and costs under the Court's inherent authority to sanction a party in opposing the Motion, Doc. No. 10 at 8, and these facts do warrant such a sanction. The undersigned finds that the more appropriate sanction, however, is to admonish counsel of the Rule 11 obligations imposed on attorneys appearing before this Court.[1] Plaintiff's counsel is cautioned that no further untenable assertions will be countenanced, and if there is repeated misconduct, then the undersigned will be inclined to be less lenient.

Based on the forgoing, it is **RECOMMENDED** that the Court:

1. **DENY** Plaintiff's Motion to Remand (Doc. No. 6);

2. and **DENY** Defendant's request for an award of attorney's fees and costs contained in its Response to Plaintiff's Motion to Remand**.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its filing shall bar an aggrieved

---

[1] Federal Rule of Civil Procedure 11 states that, in presenting a motion to the court, an attorney certifies that the legal contentions are warranted by existing law, are a nonfrivolous argument for modifying existing law or establishing new law and that the facts are warranted by the evidence.

party from attacking the factual findings on appeal.

  Recommended in Orlando, Florida on November 21, 2016.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Presiding District Judge
Unrepresented party